**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **GUTIERREZ BRAVO, IGNACIO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-cv-00493-O** |
| | § | |
| **MARKWAYNE MULLIN  et al.,** | § | |
| | § | |
| **Respondents.** | § | |

## <u>ORDER</u>

Before the Court are Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1), Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 3), and Motion to Expedite (ECF No. 4). Having reviewed the briefing and appliable law, the Petition, the Motion for a TRO, and the Motion to Expedite are **DENIED**.

### I.    BACKGROUND[1]

Petitioner is a citizen of Mexico who illegally "entered the United States on or about February 1990 through an unknown location without inspection."[2]  "Petitioner was previously granted a $4,500 bond" on August 5, 2025.  He was ordered removed on September 19, 2025 and taken into custody. [3]  Petitioner's appeal of his removal order remains pending.  Petitioner filed this Writ of Habeas Corpus and Motion for a TRO, seeking a bond hearing or release.

---

[1] Unless otherwise specified, all facts are taken from Petitioner's Petition, ECF No. 1.

[2] Ex. C [Respondent's Request for a Bond Hearing], ECF No. 1-2.  Contrary to Petitioner's claim that he "entered the United States lawfully", Pet. 3, ECF No. 1, entering without inspection is *unlawful*.  Plaintiff's attorney is reminded that intentional or reckless misrepresentations of fact or law in pleadings submitted to the Court are grounds for sanctions.  FED. R. CIV. P. 11.  He is admonished to avoid misstating a Petitioner's status in the future.

[3] https://acis.eoir.justice.gov/en/caseInformation.

## II.    DISCUSSION

Petitioner argues that he is detained pursuant to 8 U.S.C. § 1226(a) rather than 8 U.S.C. § 1225 because "the removal order is not administratively final" while he appeals it.[4] But it is irrelevant whether that order is final for purposes of the statute. *Buenrostro-Mendez v. Bondi* holds that unadmitted aliens like Petitioner are applicants for admission whose detention is governed by 8 U.S.C. § 1225. 166 F.4th 494, 507-08 (5th Cir. 2026).

Because Petitioner is detained under 8 U.S.C. § 1225 during ongoing removal proceedings, his detention is lawful and he is not entitled to a bond hearing. *Buenrostro-Mendez*, 166 F.4th at 507-08; *see also United States v. Gomez-Lira*, 75 F. App'x 979, 979 (5th Cir. 2003) (citing *Demore v. Kim*, 38 U.S. 510 (2003) ("an alien's detention during removal proceedings is constitutionally permissible"). His previous bond hearing is irrelevant to his current detention during removal proceedings. *See also Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 218 (BIA 2025).

The Petition and TRO also mention that Petitioner has medical concerns.[5] To the extent Petitioner attempts to bring separate Fifth Amendment conditions of confinement claim, his assertion is unavailing. "Fifth Circuit precedent provides that unconstitutional conditions of confinement—even conditions that create a risk of serious physical injury, illness, or death—do not warrant release." *Barbosa v. Barr*, 502 F. Supp. 3d 1115, 1120 (N.D. Tex. 2020) (quoting *Spencer v. Bragg*, 310 F. App'x 678, 679 (5th Cir. 2009)). Petitioner provides no other basis for his claim that he is being held unlawfully.

The Petition for Writ of Habeas Corpus, TRO, and Motion to Expedite (ECF No. 1, 3,4) are **DENIED**.

**SO ORDERED** on this **July 21, 2026**

_____
Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[4] Pet. 4, ECF No. 1.
[5] Pet. 4, ECF No. 1; Mot. TRO, ECF No. 3.